UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,   Case No. 3:20-cv-00532

    Plaintiff

v.   MEMORANDUM OPINION
   AND ORDER

Donald Trump,
President of the United States, et al.,

    Defendants

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Christopher Foster filed this action against the President of the United States Donald Trump and the entire Executive Branch of the United States government. The Complaint and its attachments are incomprehensible. He mentions his Ohio criminal conviction, other civil rights cases which were dismissed by this court, and various conditions in Ohio prisons as a violation of President Trump's campaign slogan of Make America Great Again. He seeks habeas relief from his conviction or sentence, and an injunction suppressing rebellion under the Fourteenth Amendment.

## STANDARD OF REVIEW

District courts are expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary

relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff fails to state a plausible claim for relief. To meet the minimum pleading requirements, the Complaint must give the defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). I cannot conjure up questions never squarely presented to me or construct full blown claims from sentence fragments. Plaintiff is a state prisoner confined in an Ohio prison. Plaintiff failed to allege any coherent facts that connect his conviction, his conditions

of confinement, or decisions by this District Court on previous civil rights cases to President Trump, or the United States government.

Moreover, the United States may not be sued without its consent, and the terms of that consent must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. *Spalding v. Vilas*, 161 U.S. 483, 498 (1896). Plaintiff therefore must point to some statute waiving sovereign immunity for the type of suit he is attempting to bring. He has not pointed to any such statute, nor has he referred to case law authority which would allow him to maintain an action against the United States or the President of the United States.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915A. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge