UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,            Case No. 3:20-cv-00532

    Plaintiff

v.            MEMORANDUM OPINION
           AND ORDER

Donald Trump,
President of the United States, et al.,

    Defendants

### BACKGROUND AND HISTORY

Before me is Plaintiff's *pro se* Motion to Alter or Amend Judgment under Federal Civil Procedure Rule 59(e) (Doc. No. 19). Plaintiff filed this action against now former President of the United States Donald Trump and the entire Executive Branch of the United States government. The Complaint and its attachments were incomprehensible. He alleged his Ohio criminal conviction, other civil rights cases which were dismissed by this court, and various conditions in Ohio prisons violated President Trump's campaign slogan of Make America Great Again. He requested relief from his conviction or sentence, and an injunction suppressing rebellion under the Fourteenth Amendment. I dismissed Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Plaintiff now asks me to reconsider this decision. His Motion, however, is also incomprehensible. He states that the Executive branch and the judicial branch are to handle ADA

matters purely in an administrative capacity. He contends Congress is responsible for the actions of the judiciary. He also states he is using the federal employee function under 5 U.S.C. § 2105(a)(2). He contends permanent federal employment through injunction does not involve NCAA or voluntary resignation due to admitted misconduct. He asserts Title II requires meaningful accommodation to access to benefits without consideration of motivation or intent. Plaintiff alleges the Trump administration had a duty to provide annual notice under various statutes but replaced this with notice under other statutes. He claims the Trump administration teamed up with Aramark to deny him food and proper medical care in prison. Plaintiff states he has the right to offer proof and indicates this is a class action.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). A Motion under Rule 59(e) is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id.*

Plaintiff does not offer any coherent facts or legal arguments to support altering or amending the judgment under Rule 50(e). The Motion to Alter or Amend (Doc. No. 19) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2