UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,                                         Case No. 3:20-cv-532

          Plaintiff,

v.                                                                       ORDER

Donald Trump, *et al.*,

          Defendants.

On September 29, 2020, I dismissed the complaint filed by *pro se* Plaintiff Christopher Foster pursuant to 28 U.S.C. § 1915A for failure to state a plausible claim for relief. (Doc. No. 16). I later denied Foster's motion to alter or amend the judgment against him. (Doc. No. 21). On June 2, 2021, the United States Court of Appeals for the Sixth Circuit dismissed Foster's subsequent appeal for want of prosecution. (Doc. No. 23).

Nearly three years later, Foster filed a motion for relief from judgment under Federal Rule of Civil Procedure 60, arguing the Supreme Court's recent decision in *Trump v. Anderson*, 144 S. Ct. 662 (2024), gives new viability to his earlier claims. (Doc. No. 24). He claims this decision constitutes a change in law which gives him "the ability to invoke 'Section 5 of the Fourteenth Amendment . . . to address major areas of discrimination.'" (*Id.* at 2). Section 5 provides "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." Amdt. 14, § 5.

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Foster does not identify the precise clause of Rule 60 justifies relief from judgment. The most likely clause appears to be Rule 60(b)(6), permitting a court to grant a motion for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Foster fails to show he is entitled to relief. In *Trump v. Anderson*, the Supreme Court held that "responsibility for enforcing Section 3 [of the Fourteenth Amendment] against federal officeholders and candidates rests with Congress and not the States." *Trump v. Anderson*, 144 S. Ct. 662, 671 (2024). There is no reason to think that, by this, the Supreme Court meant expand the word "[t]he Congress" in Section 5 to include private citizens. Therefore, I deny Foster's motion for relief from judgment.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge